Charles M. Walker
U.S. Bankruptcy Judge
Dated: 10/3/2017



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID LYNN CUNNINGHAM and | ) | Case No. 313-02021 |
| MILDRED E. CUNNINGHAM, | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | Judge Charles Walker |

**MEMORANDUM**

This matter is before the court on the Trustee's Amended Motion to Disallow Balance of Claim of Check Holders. The Trustee has filed his brief in support of the motion, the United States Trustee also filed a brief at the Court's request, and for the reasons stated below, the Trustee's motion will be denied.

<u>Factual Background</u>

David and Mildred Cunningham ("Debtors") filed for relief under Chapter 13[1] on March 6, 2013. Schedule F of their petition indicated $46,755 in general unsecured debt. Identified as a general unsecured creditor was Check Holders, Inc. ("Check Holders") in the amount of $230. The Debtors also filed a Chapter 13 plan indicating they would pay to the Chapter 13 Trustee $318.25 per month, for a total of $19,095 over a 60-month period.

On March 18, 2013, Check Holders timely filed a general unsecured claim in the amount of $230. No party objected to the claim, and the order confirming

---

[1] 11 U.S.C. § 101 *ff*. Any reference to "chapter" or "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.

1

the plan was entered on April 23, 2013. Three days later, the Trustee filed a Notice of Confirmation and Plan Terms stating Check Holders held a claim that would be paid as a general unsecured claim with a dividend of 1%. The Notice contains a notation that reads: "No disbursements will be made on any claim pursuant to the plan unless an allowed proof of claim is filed." Notice ECF No. 23. Six months later, on October 7, 2013, the Trustee filed a Notice stating the Trustee had examined the claims and the claim of Check Holders would be deemed allowed for the purpose of distribution pursuant to the confirmed plan. Trustee's Notice of Intent to Pay Claims. ECF No. 31.

More than three and one-half years later, the Trustee filed a motion to disallow the claim of Check Holders, which he promptly withdrew and followed with the filing of this amended motion requesting the same relief: disallowance of the balance of the allowed claim because Check Holders had abandoned their claim. Trustee's Amended Motion and Notice to Disallow Claim(s) #4. ECF No. 43. The balance of the claim referred to in the motion was the amount of the original allowed claim—$230. The basis for the "abandonment" alleged in the motion was the return of a check issued to Check Holders, and the failure of the Trustee's office to determine the correct address for the claimant. The motion stated that the Trustee's office made an inquiry of the debtor's attorney, the phonebook directory, and directory assistance, and now seeks disallowance of the claim as abandoned after those avenues failed to disclose the correct address for Check Holders. No legal authority or basis was referenced in the motion.

Statutory Predicate and Legal Standards

Although the Trustee fails to mention any legal basis for the relief requested in the motion, his brief in support relied heavily on Judge Paine's opinion in *In re Lee*, 189 B.R. 692 (Bankr. M.D. Tenn. 1995), wherein the Court analyzed the application of § 347(a) and § 502(j) to a nearly identical set of facts. In this case,

2

as in *Lee*, the issues revolve around one particular fact: the failure of a creditor to negotiate a distribution check issued by the Chapter 13 Trustee pursuant to a confirmed Chapter 13 plan.

## 11 U.S.C. § 347(a)

Funds held by a court for an owner that has failed to claim the funds, failed to negotiate payment of the funds, or cannot be located, are typically identified as unclaimed funds. A trustee must treat the funds associated with any uncashed checks as unclaimed property under § 347, and deposit them with the court to be held in trust for the party entitled to be paid. *In re Gettig Technologies, Inc.*, No. 1:05-bk-06044-MDF, 2016 WL 836992 (Bankr. M.D. Pa. Mar. 3, 2016). Claim to such funds exists "in perpetuity, and the funds may be claimed at any time by the owner, a successor, or any other petitioner that proves a right to the funds." *Guide to Judiciary Policy,* Vol. 13, § 1010.50(a).

Section 347(a) identifies and governs deposit and distribution of unclaimed funds in Chapter 13, as well as Chapters 7 and 12, cases:

> Ninety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

Section 347 is unambiguous and clearly expresses Congress' intent that unclaimed funds are to be paid into the court to be held in trust for the claimant, and not redistributed to other creditors. *Gettig,* 2016 WL 836992 at *3. *See also In re Transport Group, Inc.*, No. 93-30015, 2007 WL 734817 (Bankr. W.D. Ky. Mar. 7, 2007).

## 28 U.S.C.A. § 2041

Because "an unlocated creditor has a property right in his or her distributive share of the funds of a bankruptcy estate," Chapter 129, combined with due

3

Case 3:13-bk-02021    Doc 52    Filed 10/03/17    Entered 10/03/17 10:26:59    Desc Main
Document    Page 3 of 8

process principles, governs the distribution of unclaimed funds via § 2041. *Leider v. United States Treasury Dep't*, 301 F.3d 1290, 1296 (Fed. Cir. 2002). Section 2041 provides as follows:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

28 U.S.C.A. § 2041

The bankruptcy court is charged with the duty of determining that an individual or entity claiming funds held by the Court as unclaimed funds is the rightful owner of the funds. *Id.*, *see also In re Scott*, 346 B.R. 557, 558 (Bankr. N.D. Ga. 2006).

## 11 U.S.C.A. § 502

Section 502(j) provides the legal standard for reconsideration of the allowance or disallowance of a claim at any point in a pending bankruptcy case. Section 502 provides, in relevant part:

> **(j)** A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's

right to recover from a creditor any excess payment or transfer made
to such creditor.

11 U.S.C.A. § 502.

When a court reconsiders a claim, no matter at what juncture in a pending case, the court must weigh the following:

a) the extent and reasonableness of any delay, or prejudice to any party in interest,
b) the effect on efficient court administration, and
c) the moving party's good faith.

*Fryer v. Easy Money Title Pawn, Inc. (In re Fryer)*, 172 B.R. 1020, 1024 (Bankr. S.D. Ga. 1994), citing *Sentry Fin. Serv. Corp. v. Pitrat (In re Resources Reclamation Corp. of Am.,* 34 B.R. 771 (B.A.P. 9th Cir. 1983); *Johnson v. Farmers Furniture Co.* (*In re Johnson*), No. 87–10284, 1990 WL 605089 (Bankr. S.D. Ga. Aug. 21, 1990).

## F̲E̲D̲.̲ ̲R̲.̲ ̲B̲A̲N̲K̲R̲.̲ ̲P̲.̲ ̲3̲0̲0̲8̲

Federal Rule of Bankruptcy Procedure 3008 provides the procedural requirements for reconsideration of the allowance or disallowance of a claim at any point before a case is closed:

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

Congress, when considering this rule, emphasized the importance of notice when reversing a previous properly noticed order:

*Advisory Committee Note 1983*

If a motion to reconsider is granted, notice and hearing must be afforded to parties in interest before the previous action in the claim taken in respect to the claim may be vacated or modified.

## In re Lee

In *Lee*, as in this case, the final distribution had not been made. The court found that § 347(a) did not apply to a check returned prior to the final distribution, only to checks that remain unnegotiated after 90 days following final plan distribution. *Lee*, 189 B.R. at 696. Therefore, the check did not represent unclaimed funds subject to deposit in the name of the creditor. The Trustee then asserted that the creditor had abandoned its allowed claim by not advising the Trustee or the court of a viable address, thereby making the allowance of the claim reviewable under § 502(j).

Judge Paine provided an analysis of two of the three considerations in a § 502(j) review, specifically, efficiency of court administration and the Trustee's good faith in bringing the motion. *Supra* p.5. The allowed claim was found to be disallowed because the Trustee asserted efficient court administration as the basis for the motion, and this assertion demonstrated his good faith in bringing the motion.

## Discussion

The Trustee relies solely on the reasoning in *Lee,* and this Court finds the reasoning in *Lee* to be flawed. Under the *Lee* interpretation, § 347(a) is only applicable to the final distribution check under a Chapter 13 plan. Judge Paine defines the final distribution as the final payment made before the Trustee closes the case. No distinction is made between all other distribution checks and the final distribution check. This, of course, begs the question: What makes the final distribution check different than the other distribution checks, if the failure to provide a current address is the basis for disallowance?

If Congress intended that all claims wherein a disbursement check is not negotiated should be deemed disallowed *except* where the final distribution check remains unnegotiated, it would have stated so in the statute. Instead, what

6

Congress said was that *any* disbursement check remaining unnegotiated 90 days after the final distribution, shall be deposited into the Court's registry. Thus, the Code provides for this exact situation.

Section 347(a) is as straightforward as it gets. If a creditor does not negotiate a check, and that check remains uncashed 90 days after the final distribution, the funds represented by that check are deemed unclaimed funds and are to be deposited into the Court's registry in trust for the creditor. Period. The funds belong to the claimant holding an allowed claim. Here, the Trustee made payment on Check Holders' claim because it was an allowed claim. The Trustee issued a check and it was returned for an insufficient address. This is the exact scenario Congress obviously envisioned when enacting § 347(a).

The Trustee contends that the return of the disbursement check subjects the underlying allowed claim to reconsideration under § 502(j) pursuant to the reasoning in *Lee*. Although this contention is misplaced because these are clearly unclaimed funds, *Lee* is a ruling from this district and distinction is necessary in order to establish a clearer and more current edict going forward in these instances.

When a party is urging reconsideration of an order allowing a claim, the court must consider the significance of any delay, or prejudice to any party in interest, the effect on efficient court administration, and the moving party's good faith. *Fryer*, 172 B.R. at 1024. In *Lee*, the court appeared to give no weight to the first factor, instead skipping to a finding that efficient court administration was the most important factor, and the Trustee's reliance on that factor evidenced the Trustee's good faith in bringing the motion. Nowhere did the Trustee, or the court, indicate just how the efficiency of the court would be effected by disallowance of the claim for failure to provide a new mailing address.

Even if § 502(j) applied in this case, application of the reconsideration factors weigh in favor of the claim remaining allowed.

The first factor, and the one that far outweighs the others, is the prejudice to a party. We have established that an unlocated creditor has a property right to the funds distributed under a bankruptcy plan. Elevating the prejudice is the lack of notice. Congress clearly considered notice essential in this process. *See* Fed. R. Bankr. P. 3008, Advisory Committee Note (1983), *supra*. Stripping a creditor of an allowed claim with no notice evidences a substantial prejudice to a property right, and the weight of that prejudice is far superior to the other considerations in this analysis.

Efficiency of court administration is actually unaffected by the allowance or disallowance of the Check Holders' claim. The Court does not issue the plan distribution checks. The Court, pursuant to federal law, maintains a registry for the specific purpose of accepting funds from the Chapter 13 Trustee in these instances. The efficiency of court administration would not be affected at all if this claim were to remain as allowed. It would be business as usual.

As to the final consideration, there is no doubt the Trustee filed this motion with good intentions and relied on the holding in *Lee*. Despite that fact, the Court will not find in his favor based on the prejudice to the creditor which would be created by following the reasoning in *Lee*.

## Conclusion

The Trustee's motion is denied. The claim of Check Holders remains allowed, and the provisions of § 347(a) apply.

*This memorandum was signed and entered electronically as indicated at the top of the first page.*

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.